Minimum Mandatory

Rule 35/5K1.1   X

Appeal Waiver   X

Other   X

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cr-050 |
| | ) | |
| TIMOTHY JOHN SALLINS | ) | |

## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL:**

James B. McGhee, III

**STATUTES CHARGED:**

Count 1 – 21 U.S.C. §846 – Conspiracy to Possess with Intent to Distribute of Crack Cocaine (a quantity) 500 grams cocaine

Count 18 – 18 U.S.C. §922(g)(1) – Possession of a Firearm by a Prohibited Person

**COUNT PLEADING TO:**

Count 1 – 21 U.S.C. §846 – Conspiracy to Possess with Intent to Distribute Cocaine (a quantity) (a lesser-included)

**STATUTORY PENALTIES:**
Imprisonment of not more than 20 years;
Fine of not more than $1,000,000;
Supervised release term of at least 3 years;
$100 special assessment.

*Other-FOIA and Fed. R. Crim. P. 11(f) waivers

## ELEMENTS OF THE OFFENSE:

**First:**     That two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess quantities of a mixture or substance containing detectable amount of cocaine, a Schedule II controlled substance;

**Second:**   That the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

**Third:**    That the object of the unlawful plan was to possess with the intent to distribute and distribute the cocaine.

## TERMS OF PLEA AGREEMENT:

- Defendant will plead guilty to Count 1 of the Superseding Indictment. ^the lesser included offense of
- At sentencing, the government will move to dismiss any other Counts of the Superseding Indictment that remain pending against this Defendant.

- Defendant agrees to provide full, complete, candid, and truthful cooperation to the government. The government, in its sole discretion, will decide whether that cooperation qualifies as "substantial assistance" that warrants the filing of a motion for downward departure or reduction in sentence.

- The government will not object to a recommendation by the U.S. Probation Office that Defendant receive an appropriate reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

- Defendant waives his right to appeal on any ground, with only three exceptions: he may appeal his sentence if (1) that sentence exceeds the statutory maximum, (2) that sentence exceeds the advisory Guidelines range determined by this Court at sentencing, or (3) the government appeals. By signing the plea agreement, Defendant explicitly instructs his attorney not to file an appeal unless one of the three exceptions is met.

2

- Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.  The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

- Defendant waives all rights to request information about the investigation and prosecution of his case under the Freedom of Information Act or the Privacy Act.

- Defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.  If he fails to plead guilty, or later withdraws his guilty plea, all statements made by him in connection with that plea, and any leads derived therefrom, shall be admissible for any and all purposes.

- The government agrees not to file a Title 21, section 851 enhancement against this defendant, if applicable.

- The government and the Defendant agree for purposes of calculating the defendant's offense level only, the Defendant should not receive a 2-level enhancement for his offense level for possession of the shotgun that is the subject of Count 18 of the Superseding Indictment.

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-cr-050** |
| | ) | |
| **TIMOTHY JOHN SALLINS** | ) | |

**PLEA AGREEMENT**

Defendant **TIMOTHY JOHN SALLINS**, represented by his counsel James B.
McGee, III, and the United States of America, represented by Assistant United States
Attorneys Jennifer J. Kirkland and Marcela C. Mateo, have reached a plea agreement
in this case.  The terms and conditions of that agreement are as follows:

1.     **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to enter a plea of guilty to Count 1 of the Superseding ^the lesser included offense of
Indictment, which charges violations of Title 21, United States Code, Section 846.

2.     **ELEMENTS AND FACTUAL BASIS**

The elements necessary to prove Count 1 are (1) That two or more people in
some way agreed to try to accomplish a shared and unlawful plan to possess a mixture
or substance containing a detectable amount of cocaine, a Schedule II controlled
substance; and (2) That the Defendant knew the unlawful purpose of the plan and
willfully joined in it; and (3) That the object of the unlawful plan was to possess with
the intent to distribute and distribute the cocaine. Defendant agrees that he is, in

fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning on a date unknown to the Grand Jury, but as early as October 2017, up to November 2018, the precise dates being unknown, in Glynn County and surrounding counties, within the Southern District of Georgia, and elsewhere, the defendant, **TIMOTHY JOHN SALLINS**, aided and abetted by the co-defendants and by others known and unknown, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, to possess with the intent to distribute and distribute the cocaine. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.   **POSSIBLE SENTENCE**

Defendant's guilty plea to *the lesser included offense of* Count 1 will subject him to the following maximum possible sentence: Imprisonment of not more than 20 years, a supervised release term of at least 3 years, a $1,000,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment.

4.   **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a

sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.    **COURT'S USE OF SENTENCING GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.   The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence.   The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    **AGREEMENTS REGARDING SENTENCING GUIDELINES**

a.    *Use of Information*

Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b.    *Acceptance of Responsibility*

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines.  If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or

3

greater prior to any reduction for acceptance of responsibility, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

       c. *Offense Enhancement re: Dangerous Weapon pursuant to U.S.S.G. 2D1.1(b)(1).*

Both parties agree, that as a part of this plea agreement, for purposes of calculating the Defendant's offense level only, the Defendant should not receive a two-level increase in his offense level for possession of the shotgun that was recovered on November 15, 2018 as outlined in Count Eighteen of the Superseding Indictment.

7. **DISMISSAL OF OTHER COUNTS**

At sentencing, the Government will move to dismiss any other Counts of the Indictment that remain pending against Defendant, if applicable.

8. **COOPERATION**

       a. *Complete and Truthful Cooperation Required*

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in the Superseding Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his

4

cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.   <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government will advise the Court at sentencing of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. section 3553(e) and U.S.S.G. "5K1.1" and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. section 3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

5

In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. If the government files a motion for downward departure pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure and defer entirely to the Court, or, in its discretion, to make any recommendation it deems appropriate respecting the degree of departure.

The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.

9.    **FORFEITURE**

a.    Defendant agrees to forfeit his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 21 offense to which he has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, including: a New England 12 gauge shotgun, Model Pardner, bearing serial number NS200352, and all related ammunition, (hereinafter, the "Subject Property").

b.    Defendant states that he is the sole and rightful owner of the Subject Property, that, to the best of his knowledge, no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered

6

his interest in the Subject Property.  Defendant waives and abandons all right, title, and interest in the Subject Property.  Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government.  Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property.  If any such document has already been filed, Defendant hereby withdraws that filing.

        c.      Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case.  Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

        d.      Defendant waives and abandons his interest in any other property that may have been seized in connection with this case.  Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case.  Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

7

10.    **FINANCIAL OBLIGATIONS AND AGREEMENTS**

    a.    *Restitution*

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

    b.    *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

    c.    *Required Financial Disclosures*

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

8

d.    *Financial Examination*

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

e.    *No Transfer of Assets*

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

f.    *Material Change in Circumstances*

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g.    *Enforcement*

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal

payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

11.   **WAIVERS**

      a.   *Waiver of Appeal*

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute).  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

      b.   *Waiver of Collateral Attack*

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.  The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

      c.   *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the

authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.    *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

## 12.   DEFENDANT'S RIGHTS

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 13.   SATISFACTION WITH COUNSEL

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented his faithfully, skillfully, and

11

diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

14. **21 U.S.C. SECTION 851 ENHANCEMENT**

The Government agrees not to file a Title 21, Section 851 enhancement against the Defendant, if applicable.

15. **BREACH OF PLEA AGREEMENT**

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

16.   **ENTIRE AGREEMENT**

This agreement contains the entire agreement between the Government and Defendant.  The Government has made no promises or representations except those set forth in writing in this Plea Agreement.  The Government further denies the existence of any other terms or conditions not stated herein.  No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____
Date

Brian T. Rafferty
Chief, Criminal Division

3|5|19
Date

Jennifer J. Kirkland
Assistant United States Attorney

3·6·19
Date

Marcela C. Mateo
Assistant United States Attorney

13

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

3/4/19
Date

Timothy Sallins
Timothy John Sallins
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

3/4/19
Date

James B. McGee, III
Defendant's Attorney

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) | INDICTMENT |
| v. | ) | Case No. 2:18 CR 50 |
| | ) |
| TIMOTHY JOHN SALLINS | ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This ___7th___ day of May, 2019.

_____

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA